UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLS FACILITIES MGMT. SERV., INC., | ) <br> ) 1:16CV1613 <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) JUDGE DONALD NUGENT <br> ) (Mag. Judge David A. Ruiz) <br> ) |
| PRISTINE ENVIRONMENTS, INC., | ) <br> ) |
| Defendant | ) REPORT AND <br> ) <u>RECOMMENDATION</u> |

RUIZ, MAG. JUDGE

Now pending before the court is Plaintiff CLS Facilities Management Services, Inc.'s, ("CLS') motion to restore to docket instanter (R. 13) and related filings. This matter has been referred to the undersigned for a Report and recommendation, pursuant to the Order of Referral dated December 12, 2016. (R. 21.) Having fully considered the pending motion, pertinent filings, and applicable law, it is the recommendation of the court that plaintiff's motion be denied, for the following reasons.

I. Background

CLS filed a complaint in this court based on the court's diversity jurisdiction, against defendant Pristine Environments, Inc. ("Pristine"), for breach of contract and an action on account. CLS alleged that Pristine owed a principal balance of over $667,000 on unpaid invoices for contracted services. (R. 1.)

Before Pristine filed an Answer, and before the court conducted a scheduled Case Management Conference, CLS filed a "Dismissal without Prejudice," which read, in its entirety:

> Pursuant to Ohio[1] R. Civ. P. 41(a)(1), Plaintiff CLS Facilities Management Services, Inc., d/b/a CLS Facility Services hereby dismisses <u>without prejudice</u> its Complaint against Defendant Pristine Environments, Inc., each party to bear his own costs, expenses and attorney fees.

(R. 10.)  The court filed an Amended[2] Order of Dismissal on Sept. 20, 2016, to wit:

> Plaintiff's counsel has notified the Court that the above captioned case has been dismissed without prejudice.  Therefore, this case is dismissed without prejudice.

(R. 12.)

On November 14, 2016, CLS filed a "motion to restore to docket instanter," which sought to re-open the case.  CLS relied on the parties' purported settlement agreement, and Pristine's alleged anticipatory breach of the same, as the basis for its motion.  (R. 13.)  That same day, CLS filed a Proposed Consent Judgment Entry, which recited the terms of a July 8, 2016, Settlement Agreement and Release between the parties.  (R. 14.)

---

[1] Although a federal court sitting in diversity applies state substantive law, federal procedural law governs.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Sofford v. Schindler Elevator Corp.*, 954 F.Supp. 1459, 1460 (D. Colo. 1997).  Federal Civil Rule 41(a)(1) would be the operative rule.

[2] The court's earlier entry (R. 11) inadvertently dismissed the case with prejudice.

The next day, Pristine filed an opposition to CLS' motion. Pristine argued that "CLS provides absolutely no factual or evidentiary support to establish such an anticipatory breach." (R. 15, PageID #: 75.) Pristine asserted that because CLS had not presented any evidence of an anticipatory breach, which would trigger an Accelerated Payment Deadline under the settlement agreement, the motion to reopen the case should be denied, and CLS is not entitled to the entry of a consent judgment. (R. 15.)

CLS then filed a motion for leave to conduct limited discovery, and for leave to file a reply brief (R. 16), which Pristine opposed (R. 17). The court held a status conference, and granted leave to file a reply brief. (R. 19.) CLS subsequently filed a Brief in Support of Jurisdiction and Reply in Support of its Motion for Leave to Conduct Limited Discovery. (R. 18.) The court denied the motion to conduct limited discovery, and noted that briefing on the motion to restore was complete. (R. 20.) Pristine later filed a supplemental brief in opposition to the motion to restore, arguing that CLS' reply brief misstated the relevant law. (R. 22.)

CLS thereafter filed a supplemental notice in support of its motion to restore. It alleged that Pristine breached the parties' settlement agreement and requested that the court restore the case to the active docket pursuant to Fed. R. Civ. P. 60(b) or issue an order summarily enforcing the settlement agreement because, as CLS alleged, there was "independent diversity jurisdiction over Pristine's breach of [the settlement agreement]." (R. 23, PageID # 162-63.) In the notice, CLS claims that Pristine had failed to make a required balloon payment, putting Pristine in breach

3

of their settlement agreement. However, the notice is based on the unsupported assertions of counsel, and is not accompanied by any evidence in support. (R. 23.)

As noted earlier, Pristine's first brief in opposition argued that, because CLS had not presented any evidence of an anticipatory breach, the motion to reopen should be denied, and CLS was not entitled to an entry of a consent judgment. (R. 15.) In response, CLS had argued that the court has jurisdiction[3] to grant its motion, on two bases. (R. 18.)

First, CLS contends that the court has jurisdiction to vacate the stipulated dismissal entry, restore the action, and enter consent judgment, based on a Fifth Circuit case, *Yesh Music v. Lakewood Church*, 727 F.3d 356 (5th Cir. 2013). (R. 18, PageID #: 139-140.) CLS states that the Fifth Circuit held that a Rule 41(a)(1) dismissal without prejudice is a "final order" that can be vacated pursuant to Civil Rule 60(b). (R. 18, PageID #: 139.)

As Pristine points out, CLS has not filed a motion for relief from judgment pursuant to Civil Rule 60(b). (R. 22, PageID #: 152.) The "motion to restore" filed by CLS was based on its interpretation of the settlement agreement. *See generally* R. 13. CLS did not raise Rule 60(b) until its discussion of *Yesh* in its reply brief, nor does CLS discuss the various provisions which might justify relief under Rule 60(b), other than a cursory discussion of Rule 60(b)(6) ("any other reason that justifies

---

[3] Although CLS addressed jurisdiction, in its motion CLS had provided no further factual allegations (or evidentiary support) to its unsupported theory of an anticipatory breach of the parties' settlement agreement. *See generally* R. 18; and R. 22, PageID #: 152.

4

relief"). *See generally McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 504 (6th Cir. 2000), *cert. denied,* 532 U.S. 905 (2001) (Rule 60(b) relief must be sought on motion).

## II. Legal Analysis

Under Rule 60(b), a party seeking relief from judgment must show the applicability of the rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)); *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 207 (6th Cir. 1995). Further, a party seeking relief under Rule 60(b) bears the burden of establishing the grounds for that relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In particular, Rule 60(b)(6) applies only in "exceptional or extraordinary circumstances" which are not covered by the other subsections of Rule 60(b). *Info-Hold*, 538 F.3d at 459; *Jinks*, 250 F.3d at 387; *Manufacturers*, 58 F.3d at 207 n.1; *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). The exceptional circumstances under Rule 60(b)(6) require "unusual and extreme situations where principals of equity *mandate* relief." *Jinks*, 250 F.3d at 387 (quoting *Ollie v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original)); *see also McAlpin*, 229 F.3d at 502-503 (Rule 60(b)(6) "extraordinary remedy that is granted only in exceptional circumstances").

The Sixth Circuit rejected a similar proposed application of Rule 60(b)(6) in *McAlpin*:

> Contrary to the defendants' assertion, the determination by some courts that (1) "repudiation of a settlement agreement that terminate[s] litigation pending before a court constitutes an extraordinary circumstance" justifying relief under Rule 60(b)(6), and (2) that *Kokkonen* permits parties to "revive a suit under Rule 60(b)(6) when a settlement agreement has been breached,". . . is simply not supported by *Kokkonen*'s text or the manner in which the federal courts of appeals have applied the case. *See Kokkonen*, 511 U.S. at 380-381, 114 S.Ct. 1673; *Neuberg [v. Michael Reese Hosp. Fdn.*], 123 F.3d [951,] 955 [(7th Cir. 1997)].

*McAlpin*, 229 F.3d at 503 (internal citations omitted) (discussing cases).

Here, CLS has not only failed to demonstrate by clear and convincing evidence that the settlement agreement was breached, but has also failed to establish that the circumstances are so extraordinary or exceptional that Rule 60(b)(6) mandates relief. *See, e.g.*, *Info-Hold*, 538 F.3d at 459.

The second basis put forward by CLS in support of its motion is that:

> . . . it is equally clear that under *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) and *Limbright v. Hofmeister*, 566 F.3d 672 (6th Cir. 2009), this Court also can enter the consent judgment to summarily enforce the parties' settlement agreement without requiring CLS to first file a new action.

(R. 18, PageID #: 139.)

The court does not read these cases as supporting the result that CLS seeks. In *Kokkonen*, the Supreme Court reversed a ruling by the Ninth Circuit which had affirmed a district court's reliance on its "inherent power" to enforce a settlement agreement. *Kokkonen*, 511 U.S. 375. In that case, the parties in a diversity action

6

had reached a settlement of their claims, and filed a stipulation and order of dismissal pursuant to Rule 41(a). *Kokkonen*, 511 U.S. at 376-377. As in the case at bar[4], "[t]he Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement." *Id.* at 377.

The Supreme Court noted that federal district courts are courts of limited jurisdiction, and that neither Rule 41(a) nor any provision of law provided for jurisdiction of the district court over disputes arising out of the settlement agreement. *Kokkonen*, 511 U.S. at 377-378. The Court emphasized that what was sought, as here, was enforcement of the settlement agreement. *Id.* at 378. The Court pointed out that enforcement of the settlement agreement is more than simply a continuation or renewal of the dismissed suit, thus it requires its own basis for jurisdiction. *Id.*

The *Kokkonen* Court rejected an argument that ancillary jurisdiction would support the enforcement of the settlement agreement. *Kokkonen*, 511 U.S. at 378-381. The Court pointed out that the facts underlying the dismissed claims of the complaint were distinct from those underlying a claim for breach of the settlement agreement. *Id.* at 380, 381. The Court ruled that enforcement of the settlement agreement was a matter for the state courts. *Id.* at 382 ("enforcement of the

---

[4] *See generally* R. 10, 12.

7

settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction").

The Court also noted that:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal — either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here.

*Kokkonen*, 511 U.S. at 381. Neither is it the case here. *See generally* R. 10, 12. The Sixth Circuit strictly applies the holding in *Kokkonen*. *See, e.g.*, *McAlpin*, 229 F.3d at 502 (discussing cases); *Marks v. Tennessee*, No. CIV 1:07-0095, 2008 WL 4372764, at *6 (M.D. Tenn. Sept. 18, 2008).

In *McAlpin*, for example, the Sixth Circuit found that the district court's failure to expressly retain jurisdiction, or to incorporate the settlement agreement's terms[5] into its dismissal order, precluded it enforcing settlement terms against the parties. *McAlpin*, 229 F.3d at 504. The court ruled: "The Supreme Court's opinion in *Kokkonen* precludes the district court from enforcing portions of the Settlement Agreement that were not expressly incorporated in either its dismissal order or in its prior orders against the parties." *McAlpin*, 229 F.3d at 505. *See, e.g., Moore v.*

---

[5] The district court had included one of the settlement terms in the dismissal order.

*U.S. Postal Serv.*, No. 09-3294, 2010 WL 935620, at *5 (6th Cir. Mar. 17, 2010) (per curiam) (dismissal order expressly retained jurisdiction).

The Sixth Circuit has indicated that a district court's retention of jurisdiction over a settlement agreement, as contemplated by *Kokkonen*, "only requires a reasonable indication that the court has retained jurisdiction." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 643 (6th Cir. 2001), *cert. denied,* 535 U.S. 987 (2002). In *RE/MAX*, the court did not expressly retain jurisdiction, yet its dismissal order provided for the possibility of subsequent orders setting forth different terms and conditions, and the Sixth Circuit concluded that contemplated a continued role for the court after dismissal. *Id.* at 645; *see also Hehl v. City of Avon Lake*, No. 02-3406, 2004 WL 133875, at *6 (6th Cir. Jan. 20, 2004) (dismissal order did not contain reasonable indication court was retaining jurisdiction).

The dismissal order under review here neither retained jurisdiction over the settlement agreement, nor incorporated the terms of the settlement agreement into the dismissal order. *See* R. 12. The court is precluded from enforcing the terms of the settlement agreement on that basis. *Kokkonen*, 511 U.S. at 381; *McAlpin*, 229 F.3d at 505.

CLS argues, in the alternative, that the court should conclude diversity exists and summarily enforce the settlement agreement, relying on *Kokkonen's* reference that enforcement of a settlement agreement is for state courts unless "there is some independent basis for federal jurisdiction." (R. 18, PageID #: 143, quoting

9

*Limbright*, 566 F.3d at [675] (quoting *Kokkonen*).) Plaintiff's reliance on that language and on *Limbright* is misplaced, as neither decision mandates a district court summarily enforcing a settlement agreement after the case was dismissed and jurisdiction not retained.

Moreover, the facts in *Limbright* are not "remarkably similar to those presented here[,]"as CLS has claimed. (R. 18, PageID #: 141.) Rather, there are distinguishing characteristics that caution against reopening this dismissed case and summarily enforcing the settlement agreement. First, the district court in *Limbright* explicitly stated that the dismissal was subject to the terms of the settlement agreement. *Limbright*, 566 F.3d at 674 ("this Order of Dismissal is expressly subject to all terms and conditions of the settlement agreement executed by the parties"). The court's dismissal order here did not reference or incorporate the terms of the settlement agreement. (R. 12.)

Second, there was no dispute between the parties as to the existence of a breach or that a breach of contract claim could be filed in federal court under diversity jurisdiction. *Id*. The Sixth Circuit affirmed the district court's decision to retain jurisdiction and enforce the parties' settlement agreement, in part because the amount of the undisputed breach would give the district court diversity jurisdiction over any breach of contract claim. *Id.*; *see also Colyer v. Traveler's Ins. Co.*, No. 12-6018, 2013 WL 1811755, at *4 (6th Cir. Apr. 30, 2013) (diversity jurisdiction over breach of settlement agreement). Here, Pristine disputes that any

breach of the settlement agreement has taken place. (R. 22, PageID #: 159.) As already noted, CLS has failed to produce evidence that the settlement agreement was breached.

The court notes that CLS' original action alleged diversity jurisdiction, but that action was dismissed voluntarily before Pristine moved, answered or otherwise responded to the complaint and jurisdictional allegations. It does not follow that the district court must re-open this closed action and summarily enforce the alleged breached agreement where the court did not retain jurisdiction, an "independent basis for federal jurisdiction" has not been established, and there is a dispute over whether the settlement agreement has been breached. In addition, CLS can initiate a new action alleging breach of contract in state or federal court, if it can satisfy the requirements establishing diversity jurisdiction. The undersigned expresses no opinion regarding the merits of any such action.

### III. Conclusion

CLS has moved the court to reopen this closed action, and enter a consent judgment "to summarily enforce the parties' settlement agreement" (R. 18, PageID #: 139; *see also* R. 13, PageID #: 69; R. 23), based on CLS' unsupported allegations of breach in violation of the parties' settlement agreement. It is the recommendation of the undersigned that the court deny the motion (R. 13), for the reasons discussed above.

11

## RECOMMENDATION

The motion to restore (R. 13) should be denied.

Dated: January 27, 2017  /s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).