UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| CLS FACILITIES MGMT. SERV., INC., | ) | CASE NO. 1:16-CV-1613 |
|---|---|---|
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | Magistrate Judge David A. Ruiz |
| PRISTINE ENVIRONMENTS, INC., | ) | MEMORANDUM OPINION |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Ruiz. The Report and Recommendation (ECF #25), filed on January 27, 2017, is hereby ADOPTED by this Court. Plaintiff's objections, (ECF #26), filed on February 10, 2017, are OVERRULED. Plaintiff's Motion to Restore to Docket Instanter (ECF #13) is DENIED.

## I. Factual and Procedural History

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

Plaintiff CLS Facilities Management Services, Inc.'s, ("CLS") filed a complaint in this court based on diversity, against Defendant Pristine Environments, Inc. ("Pristine"), for breach of contract and an action on account. (ECF #1). Before Pristine filed an Answer or the Court conducted a scheduled Case Management Conference, CLS filed a "Dismissal without Prejudice." (ECF #10). The Court filed an Amended Order of Dismissal on September 20, 2016.[1] (ECF #12).

---

[1] The Amended Order of Dismissal states: "Plaintiff's counsel has notified the Court that the above captioned case has been dismissed without prejudice. Therefore, this case is dismissed without prejudice." (ECF #12).

On November 14, 2016, CLS filed a Motion to Restore to Docket Instanter which sought to reopen the case based on an alleged anticipatory breach of the settlement agreement by Pristine. (ECF #13). CLS also filed a Proposed Consent Judgment Entry which recited the terms of a July 8, 2016, Settlement Agreement and Release between the parties. (ECF #14). Pristine filed an opposition to the Motion to Restore to Docket Instanter. (ECF #15).

CLS filed a motion for leave to conduct limited discovery, and for leave to file a reply brief. (ECF #16). Pristine opposed this motion. (ECF #17). CLS subsequently filed a Brief in Support of Jurisdiction and Reply in Support of its Motion for Leave to Conduct Limited Discovery. (ECF #18). The Court denied the motion to conduct limited discovery. (ECF #20). Pristine then filed a supplemental Brief in Opposition to the Motion to Restore, arguing that CLS's reply brief misstated the relevant law. (ECF #22). CLS thereafter filed a Supplemental Notice in Support of its Motion to Restore requesting that the Court restore the case to the active docket pursuant to FED. R. CIV. P. 60(b) or issue an order summarily enforcing the settlement agreement based on the Court's "independent diversity jurisdiction." (ECF #23).

On January 27, 2017, the Magistrate Judge issued his Report and Recommendation . (ECF #25). The Magistrate Judge recommends CLS's Motion to Restore to Docket Instanter be denied. (ECF #25). He states that relief under FED. R. CIV. P. 60(b) would be improper and that the Court has neither ancillary jurisdiction nor an independent basis for jurisdiction, and therefore lacks subject matter jurisdiction.

On February 10, 2017, CLS objected to the Magistrate Judge's Report and Recommendation by arguing that the Court had subject matter jurisdiction due to the parties being diverse. (ECF #26). On February 16, 2017, Pristine responded to CLS's objections to the

Report and Recommendation. (ECF #27).

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Accordingly, the Court will review the Report and Recommendation, to which timely objections have been filed, de novo.

## III. Discussion

The Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made. *See* FED. R. CIV. P. 72(b). The Court finds Magistrate Judge Ruiz's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds Plaintiff's objections raise no arguments that have not been fully addressed by the Report and Recommendation. Therefore, the Court adopts the Report and Recommendation in full.

A. <u>CLS is Not Entitled to Relief from Judgment under FED. R. CIV. P. 60(b).</u>

Under FED. R. CIV. P. 60(b), a party seeking relief from judgment must show the applicability of the rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)); *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 207 (6th Cir. 1995). Further, a party seeking relief under

FED. R. CIV. P. 60(b) bears the burden of establishing the grounds for that relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In particular, FED. R. CIV. P. 60(b)(6) applies only in "exceptional or extraordinary circumstances" which are not covered by the other subsections of FED. R. CIV. P. 60(b). *Info-Hold*, 538 F.3d at 459; *Jinks*, 250 F.3d at 387; *Manufacturers*, 58 F.3d at 207 n.1; *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). The exceptional circumstances under FED. R. CIV. P. 60(b)(6) require "unusual and extreme situations where principals of equity *mandate* relief." *Jinks*, 250 F.3d at 387 (quoting *Ollie v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original)); *see also McAlpin*, 229 F.3d at 502-503 (FED. R. CIV. P. 60(b)(6) "extraordinary remedy that is granted only in exceptional circumstances").

CLS claims that Pristine has breached the settlement agreement, yet provides no evidence in support of this assertion. Therefore, CLS has failed to demonstrate by clear and convincing evidence that Pristine breached the settlement agreement, and to establish that the circumstances are so extraordinary or exceptional that FED. R. CIV. P. 60(b)(6) mandates relief. *See, e.g.*, *Info-Hold*, 538 F.3d at 459. For this reason, the Court will not vacate the stipulated dismissal entry pursuant to FED. R. CIV. P. 60(b)(6), restore the action, and enter consent judgment as CLS requested.

### B. This Court Does Not Have Subject Matter Jurisdiction to Summarily Enforce the Parties' Settlement Agreement.

In *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377-78 (1994), the Supreme Court noted that federal district courts are courts of limited jurisdiction, and that neither FED. R. CIV. P. 41(a) nor any provision of law provided for jurisdiction of the district court over disputes

4

arising out of the settlement agreement. The Sixth Circuit strictly applies the holding in *Kokkonen*. In *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 504 (6th Cir. 2000), for example, the Sixth Circuit found that the district court's failure to expressly retain jurisdiction, or to incorporate the settlement agreement's terms into its dismissal order, precluded it enforcing settlement terms against the parties. *McAlpin*, 229 F.3d at 504. The court ruled: "[t]he Supreme Court's opinion in *Kokkonen* precludes the district court from enforcing portions of the Settlement Agreement that were not expressly incorporated in either its dismissal order or in its prior orders against the parties." *McAlpin*, 229 F.3d at 505. *See, e.g., Moore v. U.S. Postal Serv.*, No. 09-3294, 2010 WL 935620, at *5 (6th Cir. Mar. 17, 2010) (per curiam) (dismissal order expressly retained jurisdiction).

CLS argues this Court should find diversity exists and summarily enforce the settlement agreement based on diversity jurisdiction. CLS relies on this quote from *Limbright v. Hofmeister*, 566 F.3d 672, 673 (6th Cir. 2009)[2], "*Kokkonen* stated that, "[a]bsent [ancillary jurisdiction], ... enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." (emphasis in original) (internal citations omitted). Plaintiff's reliance on that language and on *Limbright* is misplaced, as neither decision mandates a district court summarily enforcing a settlement agreement after the case was dismissed and jurisdiction not retained.

There are also important differences between *Limbright* and the case at hand. In *Limbright*, there was no dispute between the parties as to the existence of a breach or that a

---

[2] While this Court respects and is bound by the decision in *Limbright*, it notes that this Sixth Circuit case expands the holding in *Kokkonen* to include an exception not explicitly intended by the Supreme Court.

breach of contract claim could be filed in federal court under diversity jurisdiction. 566 F.3d at 674. The Sixth Circuit affirmed the district court's decision to retain jurisdiction and enforce the parties' settlement agreement, in part because the amount of the undisputed breach would give the district court diversity jurisdiction over any breach of contract claim. *Id.*; *see also Colyer v. Traveler's Ins. Co.*, No. 12-6018, 2013 WL 1811755, at *4 (6th Cir. Apr. 30, 2013) (diversity jurisdiction over breach of settlement agreement). Here, Pristine disputes that any breach of the settlement agreement has taken place. (ECF #22, PageID #159.) As already noted, CLS has failed to produce evidence that Pristine breached the settlement agreement.

The Court notes that CLS's original action alleged diversity jurisdiction, but that action was dismissed voluntarily before Pristine moved, answered or otherwise responded to the complaint and jurisdictional allegations. It does not follow that the district court must re-open this closed action and summarily enforce the alleged breached agreement where the court did not retain jurisdiction, an "independent basis for federal jurisdiction" has not been established, and there is a dispute over whether the settlement agreement has been breached. For the foregoing reasons, the Court will not restore this case to the docket and enforce the settlement agreement.

### IV. Conclusion

This Court has reviewed Magistrate Judge Ruiz's Report and Recommendation. Following a thorough evaluation of the record, this Court adopts Magistrate Judge Ruiz's findings of fact and conclusions of law as its own.

The Report and Recommendation (ECF #25) is hereby ADOPTED. Plaintiff's objections (ECF #26) are OVERRULED. Plaintiff's Motion to Restore to Docket Instanter (ECF #13) is DENIED.

IT IS SO ORDERED.

*[Signature]*
DONALD C. NUGENT
United States District Judge

DATED: *April 19, 2017*